IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| ROY ANTHONY HUIZAR | § | |
|---|---|---|
| | § | |
| V. | § | C.A. NO. C-10-242 |
| | § | |
| SHERIFF BOB HAW | § | |

## ORDER OF DISMISSAL

Plaintiff is a former state prisoner, now residing in Rowlett, Texas. He filed the instant action on July 20, 2010, stating that he wanted to file a criminal complaint against a former sheriff of Aransas County, identified by plaintiff as "Bob Haw."[1] Although much of his complaint is illegible, plaintiff appears to complain about a series of events that occurred in 1985, 1989, 1991, 1992, 2008, and April - August, 2009.

By notice of deficient pleading dated July 20, 2010, plaintiff was advised that he must pay the full $350.00 filing fee for civil actions or alternatively, submit a completed application to proceed *in forma pauperis* ("i.f.p.") within twenty (20) days of the date of the notice. (D.E. 4). Plaintiff did not pay the filing fee, nor did he submit an completed application to proceed i.f.p., and on August 13, 2010, plaintiff was ordered to show cause within twenty (20) days from the date of the order, why his action should not be dismissed for failure to prosecute. (D.E. 6). The twenty days has run, and plaintiff has failed to file a response to the order to show cause.

---

[1] A search of the Aransas County web site does not reveal any individual named "Bob Haw" having worked as a sheriff or other law enforcement officer. See http://www.aransascounty.org/lawenforcement.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal: Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule— except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Rule 41(b) allows a district court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); McCullough v Lynaugh, 835F.2d 1126, 1127 (5th Cir. 1988). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., 765 F.2d 399, 401 (5th Cir. 1985).

Here, plaintiff was advised that he must pay the civil cases filing fee or submit an application to proceed i.f.p. if he desired to pursue his claims, but he did neither. (D.E. 4). Thereafter, he was ordered to show cause why this action should not be dismissed, and afforded twenty days in which to file a response (D.E. 6); however, plaintiff did not respond to the show cause order or in any other manner contact the Court to indicate his desire to pursue his claims. Thus, it appears that plaintiff does not desire to prosecute his claims at this time.

In general, a Rule 41(b) dismissal is considered an adjudication on the merits. See Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified; Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution). There is no basis for dismissing plaintiff's claims with prejudice at this juncture. See Callip, 757 F.2d at 1519. Therefore, this action is dismissed without prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

ORDERED this 9th day of September, 2010.

_____
Janis Graham Jack
United States District Judge